## GATES et al. v. PICKETT.

(Court of Appeals of District of Columbia. Submitted April 6, 1926. Decided May 3, 1926. Rehearing Denied May 22, 1926.)

No. 4384.

1. **Specific performance ⟲51—Overpersuasion of vendor by real estate salesman held not good defense to purchaser's suit for specific performance.**

Overpersuasion by real estate salesman, inducing vendor to execute contract for sale of land at less than desired price, *held* not good defense in purchaser's suit for specific performance.

2. **Vendor and purchaser ⟲239(1)—That vendor's daughter helped pay for property, expecting to receive it on vendor's death, is not good defense to suit for specific performance by purchaser, without knowledge of such facts.**

That vendor's daughter, while a minor, furnished part of consideration for purchase of property, which vendor conveyed to her after contracting to sell to another, and aided in meeting deferred payments, expecting to take property on vendor's death, *held* not good defense to suit for specific performance by purchaser, who had no knowledge of such facts.

3. **Appeal and error ⟲485(3)—That purchaser had not made payment into court in accordance with decree requiring vendor to specifically perform held not to entitle vendor to prevail on appeal, in view of supersedeas.**

That purchaser has not made payment into registry of court in accordance with provision of decree requiring vendor to specifically perform *held* not to entitle vendor to prevail on appeal, in view of supersedeas bond filed on appeal taken immediately after entry of decree.

Appeal from the Supreme Court of the District of Columbia.

Suit by Sallie V. H. Pickett against Maud H. Gates and another. Decree for plaintiff, and defendants appeal. Affirmed.

T. L. Jeffords and E. C. Dutton, both of Washington, D. C., for appellants.

G. B. Craighill and C. B. Tebbs, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellee, Sallie V. H. Pickett, as plaintiff, brought suit below against Maud H. Gates and Eugenia Harralson Gordy, praying for a decree setting aside a certain deed of conveyance made and delivered by Mrs. Gates to Mrs. Gordy, and also for a decree of specific performance for the conveyance of the same property to the plaintiff by Mrs. Gates. The court, after hearing the evidence, awarded a decree to the plaintiff as prayed for, from which the defendants appealed.

The testimony in the case is somewhat conflicting, but the controlling facts seem to be well established. In September, 1924, Mrs. Gates, being the owner of the property in question, "listed" it with the real estate firm of Boss & Phelps, who thereupon advertised it for sale. At the request of Mrs. Gates, a sales manager of the firm inspected the property for the purpose of fixing its selling price. The sales manager named $11,000 to $11,500 as a proper price. Mrs. Gates wanted $12,500, but the salesman told her it would be impossible to get that price, and she finally told him to list it at $12,000. Mrs. Pickett, having seen the advertisement, called upon the agents, and in the company of her daughter, Mrs. Tebbs, and the latter's husband, examined the property. Thereupon, to wit, on October 2, 1924, Mrs. Pickett signed her name as purchaser to a written contract for the purchase of the property at the price of $11,000, of which $2,500 was to be paid in cash, $5,800 by assumption of a trust then on the property, and the remainder in the form of a second trust upon the property, to be executed by the purchaser, payable in monthly installments of $75 each, with 6 per cent. interest.

The contract contained a condition that it was "subject to approval by the owner," and included various terms and conditions as to taxes, rents, insurance, etc., and also a provision that the purchaser should make full settlement in accordance with the terms of sale within 30 days from date of acceptance of the contract by the owner, or as soon thereafter as a report on the title could be secured. A deposit of $250 was made by Mrs. Pickett

as part payment upon the contract, which was acknowledged therein. Immediately afterwards the salesman took the contract to Mrs. Gates, who, after conferring with her daughter, Mrs. Gordy, and with Mr. Phelps, of the real estate firm, also signed it. Mrs. Pickett thereupon caused the title to be examined at her expense, as provided by the contract, and fully prepared herself to carry out all of its terms. But about eight days after signing the contract Mrs. Gates sent a written notice to Boss & Phelps, saying, "I hereby withdraw my property * * * from your selling list, and cancel and rescind any agreement or agreements heretofore made by me with you, including an offer to sell at the reduced price of $11,000 net to me." And on the same day Mrs. Gates made and delivered a deed of conveyance for the property to her daughter, Mrs. Gordy.

Due tender of performance of the contract was made by Mrs. Pickett to Boss & Phelps, as agents, and also to Mrs. Gates and Mrs. Gordy; but the latter parties refused to proceed with the contract, whereupon this suit was brought to set aside the conveyance made by Mrs. Gates to Mrs. Gordy, and to compel a specific performance of the contract of sale upon the part of Mrs. Gates.

[1] The defenses to the suit amount in substance to nothing more than a complaint by Mrs. Gates that she was overpersuaded by the salesman for Boss & Phelps to accept $11,000 for the property, instead of her original price of $12,000. There is no claim of bad faith in the case, nor is it claimed that the salesman in any wise represented the purchaser in the transaction, nor that the latter sought in any manner to influence Mrs. Gates' action in respect to the signing of the contract. Nor does it appear from the evidence that the price of $11,000 was unreasonably low, or that the terms of the contract were unusual or inequitable.

[2] The conveyance made by Mrs. Gates to Mrs. Gordy is sought to be justified by the claim that the latter furnished part of the consideration for the property when it was originally purchased by Mrs. Gates, and also assisted afterwards in meeting the deferred payments due upon it. It is said that Mrs. Gordy was then a minor, and that she was not made a joint grantee with her mother for that reason, but that she understood that the property would come to her after her mother's decease. It is not claimed, however, that these facts were known to Mrs. Pickett, and it is not apparent how they can affect her right to an enforcement of the contract.

[3] The record discloses that the decree for specific performance entered by the lower court includes a provision that the plaintiff below shall first pay into the registry of the court the sum of $2,250, or such sum as may be found due from her after adjustment of taxes, court costs, etc., as one of the conditions precedent to her right to demand a conveyance of the property from the defendant. It is stated on behalf of the appellants that this deposit was not made by the plaintiff, and it is claimed that she thereby lost the rights which the decree otherwise secured to her. This claim, however, is negatived by the fact that an appeal from the decree was immediately taken by the defendants, and a supersedeas bond concurrently filed, whereby the entire decree, including the requirement in question, was suspended, awaiting the action of this court.

The appellants present various other questions in support of the appeal, but we do not find them substantial and upon the entire record we affirm the decree of the lower court, at the costs of the appellants.